UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROSS BRUNET,<br><br>            *Plaintiff*<br><br>    v.<br><br>TOWN OF GRAND ISLE; DAVID CAMARDELLE, in his official capacity as Mayor of Grand Isle; SCOOTER RESWEBER, in his official capacity as Chief of Police for the Town of Grand Isle; JAMES ROCKENSCHUH, in his individual capacity and in his official capacity as an officer with the Grand Isle Police Department; HARRY CAHILL, in his individual capacity and in his official capacity as City Attorney for the Town of Grand Isle; and CAMILLE MORVANT, in his official capacity as Grand Isle magistrate judge,<br><br>            *Defendants* | CIVIL ACTION NO.: 2:23-cv-00304<br><br>SECTION:<br><br>DIVISION:<br><br>JUDGE:<br><br>MAGISTRATE JUDGE: |

## COMPLAINT

Plaintiff ROSS BRUNET brings this action against Defendants for violation of his right to free speech protected by the First Amendment to the United States Constitution and for violation of his rights under the Louisiana Constitution and Louisiana state laws. In support of his claims, Plaintiff respectfully states:

# INTRODUCTION

1.

The Town of Grand Isle, through its town officials, police department, city attorney, and judge, have repeatedly targeted Mr. Brunet for exercising his First Amendment rights. In violation of long-established law, the Town has routinely detained, cited, and forced Mr. Brunet to go to trial to vindicate his constitutional rights, taking the extraordinary step of adopting a boldly unconstitutional local Ordinance to silence him.

The targeting of Mr. Brunet's protected free speech is a quintessential violation of the First Amendment liberties guaranteed by the United States Constitution and the laws of Louisiana. Plaintiff challenges this intrusion into his individual rights.

# JURISDICTION

2.

This is an action for declaratory and injunctive relief and damages pursuant to 42 U.S.C. §1983 based upon the continuing violations of the Plaintiffs' rights under the First Amendment to the United States Constitution.

3.

This Court has jurisdiction over the subject matter of this litigation pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law.

4.

This Court further has jurisdiction over the subject matter of this litigation pursuant to 28 U.S.C. § 1367, as this case involves questions of state law that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## VENUE

5.

Venue lies in this District because, upon information and belief, Defendants are all residents of Jefferson Parish, which is within the jurisdiction of the Eastern District of Louisiana. Additionally, the events giving rise to this action occurred in Jefferson Parish, within this District. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6.

Plaintiff ROSS BRUNET is a resident of Cut Off, Louisiana. He is a contractor who performs work across southern Louisiana, including in the Town of Grand Isle. He is also a passionate follower of national politics and discussions, and expresses himself politically through using various mediums, including through wearing of memorabilia on his clothing and through signs on his vehicle.

7.

Defendant TOWN OF GRAND ISLE is located in Jefferson Parish, Louisiana. The Town is a juridical entity capable of suing and being sued. The Town of Grand Isle is sued for declaratory and injunctive relief, as well as nominal and compensatory damages.

8.

Defendant DAVID CAMARDELLE is the Mayor of the Town of Grand Isle. As such, he is chief executive for the Town and is ultimately responsible for the execution of Town ordinances. He also is final policymaker on all Town policies and practices, to include those of the Grand Isle Police Department, the City Attorney's office and the Grand Isle Mayor's Court. Alternatively, Defendant Camardelle has delegated his final policymaking responsibility to Defendants Resweber, Cahill, and Morvant, respectively. Defendant Camardelle has failed to properly train and supervise his employees to ensure that Town

policies and practices are constitutional. He has failed to properly train and supervise his appointees conducting Mayor's Court, and has failed to train and supervise the town attorney whom he appoints. He is sued in his official capacity only, for declaratory and injunctive relief, as well as compensatory and nominal damages.

9.

Defendant SCOOTER RESWEBER is the chief of the Grand Isle Police Department. As such, he is final policymaker responsible for the Department. He also is the individual responsible for training and supervising Police Department employees. Defendant Resweber has established a policy and practice allowing for the repeated unconstitutional citation and legal arrest of individuals without probable cause and in retaliation for the exercise of free speech. He has failed to properly train and supervise his police employees to ensure that police employee practices and policies are constitutional. He is also vicariously liable for Defendant Rockenschuh's actions as to Plaintiff's state law claims. Defendant Resweber is sued in his official capacity for declaratory and injunctive relief, as well as compensatory and nominal damages.

10.

Defendant JAMES ROCKENSCHUH is an officer with the Grand Isle Police Department. He has repeatedly unconstitutionally detained and cited Plaintiff with criminal charges despite being aware that Plaintiff's conduct was fully protected by the First Amendment. Defendant Rockenschuh is likely to detain and cite Plaintiff again in the future. He is aware that Plaintiff was found "not guilty" in Grand Isle Mayor's Court yet has continued to detain and haul Plaintiff into court for identical protected conduct. He is sued in his individual and official capacities for declaratory and injunctive relief, as well as compensatory, nominal and punitive damages.

11.

Defendant HARRY CAHILL serves as Town Attorney and, on information and belief, assisted in the drafting and adopting of a blatantly unconstitutional Ordinance with the intention of targeting the Plaintiff for engaging in protected speech. He established a policy and practice supporting the repeated unconstitutional detention, citation and arrest of individuals even where there is no probable cause for that arrest and where individuals are engaged in protected conduct. Although he knew Plaintiff had been found "not guilty" of a crime, Defendant Cahill repeatedly hauled Mr. Brunet into court for the same actions—for months—with no intent to prosecute, because he knew a prosecution was unconstitutional. Defendant Cahill has willfully violated the First Amendment by sanctioning individuals like Mr. Brunet for protected political speech. He is sued in his official capacity for declaratory and injunctive relief. He is sued in his personal capacity for actions outside the scope of his prosecutorial function only, for compensatory, nominal and punitive damages.

12.

Defendant CAMILLE MORVANT has served as the Mayor's Court magistrate judge in the retaliatory actions taken against Mr. Brunet. He allowed a prosecution obviously lacking in probable cause to be continued repeatedly, despite factually identical prior not guilty verdicts. He is sued in his official capacity, only, for declaratory and injunctive relief.

**FACTUAL ALLEGATIONS**

13.

Plaintiff Ross Brunet holds strong political beliefs, which he expresses by displaying flags with core political speech from the bed and on the front of his pickup truck.

14.

Mr. Brunet displays three flags on his truck. Two flags state, "FUCK BIDEN" and, in smaller font, "AND FUCK YOU FOR VOTING FOR HIM." Another flag depicts a pink ribbon on a black field for breast cancer awareness.

15.

In 2021, Mr. Brunet was cited four times for "display of patently obscene words/photos/depiction" by the Grand Isle Police Department under La. R.S. 32:378.1.

16.

La. R.S. 32:378.1 provides, "No person owning or operating a Louisiana registered motor vehicle on any of the public streets in this state shall affix to any part of such motor vehicle any sticker, decal, emblem, or other device containing patently obscene words, photographs, or depictions that are displayed to members of the public not occupying such vehicle. For the purposes of this Section, 'obscene' shall have the meaning of 'obscenity' as contained in R.S. 14:106."

17.

"Obscenity" is defined in relevant part in La. R.S. 14:106(2)(a) as the intentional participation or engagement in, or management, operation, production, presentation, performance, promotion, exhibition, advertisement, sponsorship, electronic communication, or display of, hard core sexual conduct, when the trier of fact determines that the average person applying contemporary community standards would find that the conduct, taken as a whole, appeals to the prurient interest; and the hard core sexual conduct, as specifically defined herein, is presented in a patently offensive way; and the conduct taken as a whole lacks serious literary, artistic, political, or scientific value.

18.

The penalty for violation of La. R.S. 32:378.1 is a fine not to exceed one hundred dollars.

19.

Mr. Brunet's flags do not meet the definition of this statute.

20.

There was no probable cause to cite him pursuant to this statute or to require him to attend court to defend against these charges.

21.

Mr. Brunet's flags are clearly protected political speech.

22.

Each ticket was written by Defendant Rockenschuh. The citation numbers are 08953184; 08953185; 08953192; and 08953228.

23.

Defendant Rockenschuh detained Mr. Brunet while he issued these criminal citations.

24.

Due to the criminal citations, Mr. Brunet was forced to miss work and repeatedly represent himself in Mayor's Court in Grand Isle to avoid being arrested and/or fined for his protected speech.

25.

Relying on long-established case law, Mr. Brunet, a non-lawyer, defended himself at trial successfully. He provided precedent to the court and cross-examined Defendant Rockenschuh. On November 18, 2021, Mr. Brunet received a not guilty verdict due to the obvious unconstitutionality of the citations against him.

26.

Despite being found not guilty, Mr. Brunet was nonetheless told "don't do that again" or words to that effect, by Town officials.

27.

In January 2022, Mr. Brunet was once again stopped, detained and cited under the same law, La. R.S. 32.378.1, for flying the very same flags that he demonstrated in 2021 were core, non-criminal political speech.

28.

Defendant Rockenschuh—the same officer who issued Mr. Brunet the previous tickets for violating the obscenity statute—issued the ticket in January 2022.

29.

Defendant Rockenschuh issued the January 2022 ticket even though Officer Rockenschuh knew that the obscenity statute did not encompass Mr. Brunet's flags and that there was no legal basis to issue Mr. Brunet another citation.

30.

Defendant Rockenschuh issued Mr. Brunet another citation pursuant to La. R.S. 32:378.1 solely to attempt to force Mr. Brunet to remove his flags.

31.

On February 6, 2022, Mr. Brunet was stopped, detained and cited yet again by Defendant Rockenschuh, again for allegedly violating La. R.S. 32.378.1.

32.

On March 16, 2022, Mr. Brunet was stopped, detained and cited again by Defendant Rockenschuh for allegedly violating La. R.S. 32.378.1.

33.

There are no factual distinctions between the January, February and March 2022 citations—each was for the simple act of Brunet flying his flags.

34.

There also are no factual distinctions between the four 2021 citations and the three 2022 citations—each was for the simple act of Brunet flying his flags.

35.

Mr. Brunet was ordered to appear in Grand Isle Mayor's Court on April 20, 2022, to defend against all three of the 2022 citations.

36.

Despite his having obtained a prior not guilty verdict on this exact charge for this exact conduct, Mr. Brunet's court dates were then re-set and delayed multiple times by Defendant Movhart.

37.

At the April 20, 2022, appearance, Mr. Brunet was ordered to return in May.

38.

On May 19, 2022, Mr. Brunet's trial was again moved and set for June 16, 2022.

39.

In parallel to Mr. Brunet's delayed court dates, and unbeknownst to Mr. Brunet, Defendants drafted and introduced Ordinance 1012, hereafter "the Ordinance." The Ordinance states: "No temporary sign shall be affixed to a vehicle that exceeds the dimensions of 20 inches by 30 inches. Signs on vehicles shall not contain language deemed offensive and vulgar nor obscene in nature and cannot contain language that describes a sex act. It shall be unlawful for any vehicle to operate on Highway 1, any public roads or public

areas and the Grand Isle Beach that bears a temporary sign described above herein." (Exhibit 1)

40.

Defendant Town of Grand Isle introduced the Ordinance on June 22, 2022, after its attempts to silence Mr. Brunet's speech via Louisiana statute 32:378.1 failed.

41.

Defendant Town of Grand Isle held its first hearing on the Ordinance on July 13, 2022.

42.

Defendant Town of Grand Isle held its second hearing on the Ordinance on August 10, 2022.

43.

Defendant Town of Grand Isle adopted and submitted the Ordinance to Defendant Camardelle on August 11, 2022, and Defendant Camardelle, as final policymaker for the Town, returned the signed Ordinance that same day.

44.

In September 2022 Mr. Brunet finally received a *nolle prosequi* of the tickets written pursuant to 32:378.1. This was eight months after he was cited and only after multiple court appearances, despite the clear unconstitutionality of the Police Department's actions, and despite Mr. Brunet's prior showing of unconstitutionality under the same statute, in the same court.

45.

At the September 2022 court setting, Defendant Cahill presented Mr. Brunet with the newly adopted and signed Ordinance. Defendant Cahill advised Mr. Brunet that Defendant

Town of Grand Isle had successfully outlawed his core political speech, saying words akin to, "we've got you now."

46.

On information and belief, the Ordinance was drafted and adopted by the Town of Grand Isle to silence Mr. Brunet's core political speech specifically, under the guidance and at instruction of the Defendants.

47.

Referring to the Ordinance, Defendant Cahill clearly stated to Mr. Brunet that his political flags were now legitimately criminalized and that he would be prosecuted.

48.

Ordinance 1012 is a facially unconstitutional attempt to curb protected political speech and a clear violation of the First Amendment.

49.

By passing Ordinance 1012, Defendant Town of Grand Isle callously disregards the constitutional rights of all citizens and is particularly targeting Mr. Brunet.

## STATEMENT OF CLAIMS

### COUNT ONE: FIRST AMENDMENT RETALIATION

50.

Plaintiff re-alleges and herein incorporates by reference the allegations set forth in paragraphs above.

51.

Defendants' actions violate Plaintiff's First Amendment rights because they constitute unlawful retaliation for the exercise of his free speech.

52.

Plaintiff was engaged in protected speech.

53.

Defendants took adverse actions against him because of his speech. Specifically, he was repeatedly (seven times) cited with violations of an inapplicable criminal law. He faced ongoing threat of criminal prosecution including arrest, jail time and fines.

54.

As further adverse action, Defendants adopted a local Ordinance targeting Mr. Brunet.

55.

These adverse actions were wholly motivated by disagreement with Plaintiff's protected political speech.

56.

These adverse actions and retaliatory conduct would chill the speech of a person of ordinary firmness from engaging in free speech.

57.

Because of Defendants' actions, Mr. Brunet's speech has in fact been chilled. He is fearful of and refrains from engaging in his protected political speech in Grand Isle, out of fear of government punishment or further retaliatory action.

**COUNT TWO: OVERBREADTH**

58.

Plaintiff re-alleges and herein incorporates by reference the allegations set forth in paragraphs above.

59.

Ordinance 1012 is unconstitutionally overly broad. It prohibits speech that is offensive, vulgar or references a sex act, *inter alia*.

60.

Speech that is offensive, vulgar or that references a sex act is protected by the United States Constitution.

61.

Indeed, core political speech is often offensive to the listener, and yet is a highly protected form of speech.

62.

Because the Ordinance sweeps protected speech within its proscribed ambit, and purports to outlaw core protected political speech, it is substantially overbroad and unconstitutional.

**COUNT THREE: VAGUENESS**

63.

Plaintiff re-alleges and herein incorporates by reference the allegations set forth in paragraphs above.

64.

The Ordinance adopted by Defendant Town of Grand Isle is unconstitutionally vague, in that it prohibits "offensive" and "vulgar" speech. The terms "offensive" and "vulgar" are not defined, leaving the average person to guess as to the meaning and as to which speech may run afoul of the law.

65.

The Ordinance allows officials acting under color of law to punish speech that is subjectively "offensive" or "vulgar" to them, with seemingly unfettered discretion. This requires the exercise of inconsistent and content-based discretion on the part of the police and Town officials.

66.

The Ordinance also prohibits "language that describes a sex act."

67.

Because an ordinary citizen must guess as to what speech is offensive and vulgar, or what describes a sex act—and does so at risk of criminal prosecution if he guesses wrong—Ordinance 1012 fails to provide people of ordinary intelligence fair notice of what conduct is prohibited, and therefore is unconstitutionally vague.

**COUNT FOUR: CONTENT-BASED DISCRIMINATION**

68.

Plaintiff re-alleges and herein incorporates by reference the allegations set forth in paragraphs above.

69.

The Ordinance unconstitutionally outlaws speech because of its content. It prohibits speech that is lewd, vulgar or that describes a sex act, all of which is protected content under the United States Constitution.

70.

By prohibiting speech that is "deemed offensive or obscene," the Ordinance empowers officials to insert their own subjective opinions and beliefs of "offensive" or "obscene" into enforcement of the law, which is a content-based determination.

71.

Laws that prohibit speech because of its content are called "content-based restrictions," are the most odious of First Amendment violations and are subject to strict scrutiny review.

72.

Here the burden on speech is not narrowly tailored to achieve a government interest.

73.

It is unclear what government interest would be advanced in the immediate case, but the law cannot be narrowly tailored to achieve any government interest for several reasons, including: the law only penalizes removable or "temporary" signage, and thus would not apply to permanently-affixed messages with the same content; the law only prohibits speech while a vehicle is being operated, and thus would not apply to stationary flags with the same content; the law does not apply to signs of sizes different than those proscribed by the Ordinance with identical content; and the law outlaws only certain language, but does not outlaw images depicting sex acts or otherwise.

74.

Because it is not narrowly tailored to achieve a compelling government interest, the Ordinance fails strict scrutiny as an unconstitutional content-based restriction on speech.

**COUNT FIVE: MALICIOUS PROSECUTION**

75.

Plaintiff re-alleges and herein incorporates by reference the allegations set forth in paragraphs above.

76.

The Defendants cited and pursued charges against the Plaintiff solely because they did not like the content of his flags, requiring him to live under threat of incarceration and attend court for eight months before ultimately issuing a *nolle prosequi* for the second set of tickets. Defendants prosecuted Mr. Brunet with the knowledge that he could not lawfully be convicted for the crime with which he was charged, and with knowledge that his rights were being violated. Defendants engaged in malicious prosecution of Mr. Brunet.

## COUNT SIX: ABUSE OF PROCESS

86.

Plaintiff re-alleges and herein incorporates by reference the allegations set forth in paragraphs above.

87.

Louisiana law prohibits abuse of process where there exists (1) an ulterior purpose and (2) a willful act in the use of the process not proper in the regular prosecution of the proceeding. Defendants herein acted with the ulterior purpose of silencing Mr. Brunet's speech, and maintained three meritless criminal proceedings against him in abuse of authority and process.

## COUNT SEVEN: LOUISIANA CONSTITUTIONAL CLAIM

89.

Plaintiff re-alleges and herein incorporates by reference the allegations set forth in paragraphs above.

90.

Defendants' actions violate Plaintiff's First Amendment rights under the Louisiana Constitution, Article 1 § 7.

## COUNT EIGHT: FALSE ARREST/IMPRISONMENT

91.

Plaintiff re-alleges and herein incorporates by reference the allegations set forth in paragraphs above.

93.

Defendants illegally detained the Plaintiff during multiple traffic stops for which they knowingly lacked probable cause or reasonable suspicion, resulting in the unlawful detention of Plaintiff. Defendants further hauled Plaintiff into court repeatedly for charges of which he was not guilty and forced him to live under cloud of prosecution for eight months.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Ross Brunet, prays for the following relief from this Court:

1. A declaration that:

    a. Mr. Brunet was engaged in protected speech in flying his flag with political messages;

    b. the application of state obscenity statutes to Mr. Brunet was unconstitutional;

    c. Town of Grand Isle Ordinance 1012 is unconstitutional; and

    d. the acts of the Defendants violated Mr. Brunet's rights;

2. Injunctive relief prohibiting Defendants from further interference with Mr. Brunet's exercise of his constitutional rights;

3. Injunctive relief prohibiting further enforcement of Ordinance 1012;

4. An award of compensatory, nominal and punitive damages to Plaintiff;

5. Attorneys' fees and costs incurred in this proceeding; and

6. An award of any such other and further relief as the Court deems just and proper.

Respectfully submitted,

**TULANE FIRST AMENDMENT CLINIC**

/s/ *Katie M. Schwartzmann*
Katie M. Schwartzmann La Bar No. 30295
Virginia Hamrick, La Bar No. 40392
Andrew Perry, Student attorney
Matthew Warren, Student attorney
6329 Freret Street, Suite 130
New Orleans, La 70118

kschwartzmann@tulane.edu
vhamrick@tulane.edu
cperry3@tulane.edu
mwarren3@tulane.edu
o: (504) 862-8813

18